```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RHYMEL KING                       :        CIVIL ACTION
                                  :
          v.                      :
                                  :
SCHUYLER EPPS                     :        NO. 14-2079
```

MEMORANDUM

Bartle, J.                                              June 4, 2014

   Plaintiff Rhymel King, a passenger in an automobile driven by defendant Schuyler Epps, filed suit in the Court of Common Pleas of Philadelphia County for recovery of damages for personal injuries sustained in a one-vehicle accident which occurred in the state of Texas on February 19, 2013.  After various pretrial proceedings in the state court, Epps timely removed the action to this court on April 10, 2014, based on diversity of citizenship.  Epps is a citizen of North Carolina and King a citizen of Pennsylvania.

   Epps has now moved to dismiss this action, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, on the ground that this court lacks personal jurisdiction over him. Plaintiff bears the burden of showing that personal jurisdiction exists.  Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324, 330 (3d Cir. 2009).

   The undisputed evidence demonstrates that at the time of the accident Epps was living in Philadelphia either with his father or at some other location here.  Nonetheless, after the

accident he did not return to Philadelphia.  He remained for a few days in Texas for treatment for his injuries.  Thereafter, from late February 2013 until early June 2013, Epps was residing at the home of his brother in Cameron, North Carolina to continue treatment and undergo reconstructive surgery on his knee.  On June 3, 2013, Epps signed a lease to rent a home in Winston-Salem, North Carolina.  The lease commenced on June 9.  The complaint in this action was not filed until July 24, 2013.  Plaintiff does not challenge that Epps was a citizen of North Carolina when the lawsuit was instituted.

A federal district court presiding over a diversity action may assert personal jurisdiction over a nonresident of the state in which the court sits only to the extent authorized by the law of that state.  Fed. R. Civ. P. 4(k)(1)(A).  Pennsylvania law provides for jurisdiction coextensive with that allowed by the due process clause of the United States Constitution.  42 Pa. Cons. Stat. Ann. § 5322(b).

Under the due process clause, we may exercise personal jurisdiction only over defendants who have "certain minimum contacts ... such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quotation marks omitted).  A parallel inquiry is whether a defendant's contacts with the forum state are such that the defendant "should reasonably anticipate being haled into court there."  World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).

A federal district court may exercise personal jurisdiction over nonresident defendants based on either general jurisdiction or specific jurisdiction.  "General jurisdiction exists when a defendant has maintained systematic and continuous contacts with the forum state" without regard to where the cause of action arose.  Marten v. Godwin, 499 F.3d 290, 296 (citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-15 nn.8-9 (1984)).  See Daimler A.G. v. Bauman, 134 S. Ct. 746, 754-55 (2014).  Specific jurisdiction may be invoked when the claim arises from or relates to conduct purposely directed at the forum state.  Id.

In this case, neither general nor specific jurisdiction exists.  While Epps was living in Pennsylvania at the time of the accident and thus had systematic and continuous contacts with the Commonwealth up to that time, the court must also consider the record beyond that point.  Those contacts had totally ceased after the accident occurred on February 19, 2013 and were non-existent for a period of five months before the complaint was filed against Epps on July 24, 2013.  See Harlow v. Children's Hosp., 432 F.3d 50, 64-65 (1st Cir. 2005).  Epps has never returned to Philadelphia and has been residing continuously in North Carolina from February 21, 2013 until the present, first with his brother and then in his own home.  It would not comport with traditional notions of fair play and substantial justice to conclude that general jurisdiction over Epps exists here.  As to specific jurisdiction, the accident did not occur in Pennsylvania

but rather in Texas.  Any negligent conduct of Epps in causing injury to plaintiff has no connection with this forum.

Accordingly, we will grant the motion of defendant Schuyler Epps to dismiss the action for lack of personal jurisdiction.